James R. Cobler, Director Division of Accounts and Reports Department of Administration 900 Jackson, Room 251 Landon State Office Building Topeka, Kansas 66612-1220
Dear Mr. Cobler:
As director of the division of accounts and reports, you request our opinion regarding the tax levying power of the recreation commission created by the board of Lyon county commissioners.
You inform us that Lyon county recreation district no. 1 (recreation district) was created on April 6, 1978 by county resolution no. 551, by the board of Lyon county commissioners. The resolution provides that the board shall consist of three members to be appointed by the board of county commissioners, and shall be authorized to "levy a tax sufficient to raise the amount required by such budget but in no event more than 1/2 mill of the assessed valuation of the real property in the Lyon County Rural Recreation District #1." According to the documents that you provide, the county is listing charter resolution No. 551 and K.S.A. 12-1927
as levying authority. We assume that the county properly passed charter resolution no. 551.
Specifically, your questions are:
 "1. Did Resolution No. 551 properly establish LCRD and properly establish tax levy authority for LCRD?
 "2. If your answer to Question 1 is yes, what is the limit of the ad valorem property tax levy of LCRD?
 "3. If your answer to Question 1 is no, did 1987 House Bill 2424 remedy the LCRD's organizational deficiencies?
 "4. If your answer to Question 1 is no and your answer to Question 3 is no, can Lyon County use the authority of K.S.A. 19-101a or K.S.A. 19-101b to properly structure a new LCRD (or similarly named entity) with the powers to assume the assets of the historical LCRD?"
First, we will examine whether the board of Lyon county commissioners had authority and power to establish a recreation district. K.S.A. 1993 Supp. 19-101a in relevant part provides:
 "The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions or prohibitions:
 "(1) Counties shall be subject to all acts of the legislature which apply uniformly to all counties."
The Kansas Supreme Court in Blevins v. Heibert, 247 Kan. 1 (1990) limited constitutional and statutory home rule authority by holding that where an enabling act applies municipalities must follow the statutory procedures prescribed by the enabling legislation or, if such legislation is non-uniform, by charter resolution. However, there is no enabling legislation for the county to create a recreation commission or district. Counties may establish and maintain public parks, museums and recreation grounds pursuant to K.S.A. 19-2801 et seq., but the Lyon county recreation district is not created as county park and recreational grounds under these statutes.
Blevins acknowledges that legislative silence on a subject no longer prevents local government action. Blevins also acknowledges that home rule power is available to all cities and counties in all areas of local government where not prohibited by article 12, sec. 5 of the Kansas constitution or by K.S.A. 19-101a. Blevins, 247 Kan. at 5. The court states that "constitutional and statutory home rule provisions must be given a liberal construction in order to provide counties and cities the largest measure of self-government and that where the legislature is silent, a municipality is free to carve out its own local solutions to problems." Blevins, 247 Kan. at 12, 13.
Resolution no. 551 states that "the legislature of the State of Kansas has established recreation districts based upon township boundaries and school boundaries, but has not specifically prohibited recreation districts from being established on other boundaries. . . ." The recreation district has the boundaries of the rural fire district. Pursuant to the resolution the board of Lyon county commissioners is authorized to conduct the activities of the district, and to appoint a three member board, which is empowered to administer in all respects the business of the district and to operate a system of public recreation and playgrounds. Based on home rule powers through ordinary resolution, the board of county commissioners may establish a recreation district to serve a valid public purpose. However, in order to levy a tax on the real property within the district, the county must follow certain procedures in K.S.A. 19-117, which in part provides:
 "(a) Where the board of county commissioners of any county by resolution proposes to levy for revenue purposes any tax, excise, fee, charge or other exaction other than permit fees or license fees for regulatory purposes, a procedure for the levy of which is not otherwise prescribed by enactment of the legislature, such resolution shall require a two-thirds (2/3) vote of the members of the board and shall be published once each week for two (2) consecutive weeks in the official county newspaper.
 "No such resolution shall take effect until sixty (60) days after its final publication, and if within sixty (60) days of its final publication a petition signed by not less than five percent (5%) of the qualified electors of the county shall be filed with the county election officer demanding that such resolution be submitted to a vote of the electors, it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon."
The resolution in question provides that the board of county commissioners "shall authorize the County Clerk to levy a tax sufficient to raise the amount required by such budget but in no event more than 1/2 mill of the assessed valuation of the real property in the Lyon County Rural Recreation District #1."
We have no information as to whether this resolution was published in an official newspaper, or whether a petition was filed to submit the resolution to a vote of the electors.
Although the resolution does not cite a statute which authorizes the county to a levy tax for the recreation district, the other documents that you received from the county list K.S.A. 12-1927 as levy authority. K.S.A. 1993 Supp. 12-1927 in relevant part provides:
 "The city or school district shall not be required to levy a tax in excess of the maximum tax levy set by the city or school district by current resolution. In the case of a new recreation commission established under the provisions of this act, such levy shall not be required to exceed one mill."
The recreation district was not created under the provisions of public recreation and playgrounds, K.S.A. 12-1922 et seq. These statutes allow any city or school district to establish a system of public recreation in the manner provided. As you have indicated, the provision was amended by H.B. No. 2424 in 1987. K.S.A. 12-1423 provides any recreation system created under the provisions of article 19 of chapter 12 of the Kansas Statutes Annotated prior to the effective date of this act shall continue in existence but shall be operated under the provisions of this act. However, because the recreation district was not created under the provisions of article 19 of chapter 12, K.S.A. 12-1923 has no application.
In conclusion, the board of county commissioners may create a recreation district by adopting a proper resolution under its home rule power. However, the county must follow certain procedures in K.S.A. 19-117, in order to levy a tax for the recreation district. The county may use its general fund to support the activities of the recreation district, but it may not use K.S.A. 1993 Supp. 12-1927 as taxing authority.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas